ANDREW S. OETTINGER (*pro hac vice*)
E-mail: aoettinger@gklaw.com
NINA G. BECK (*pro hac vice*)
E-mail: nbeck@gklaw.com
**GODFREY & KAHN, S.C.**
833 East Michigan Street, Suite 1800
Milwaukee, Wisconsin 53202-5615
Tel: 414.273.3500    Fax: 414.273.5198

Attorneys for Plaintiff Midland National Life Insurance Company


EDITH S. SHEA (SBN 177578)
E-Mail: eshea@bwslaw.com
**BURKE, WILLIAMS & SORENSEN, LLP**
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Plaintiff Midland National Life Insurance Company


WILLIAM M. SHERNOFF #38856
SAMUEL L. BRUCHEY # 271995
**SHERNOFF BIDART ECHEVERRIA LLP**
600 S. Indian Hill Boulevard
Claremont, California 91711
Telephone: (310) 246-0503
Facsimile: (310) 246-0380

Attorneys for Defendant and Cross-Complainant Sarah Jones


TIMOTHY W. FREDRICKS #238039
JARED M. AHERN #279187
**WINGET SPADAFORA & SCHWARTZBERG, LLP**
1900 Avenue of the Stars Suite 450
Los Angeles, CA 90067
Tel: 310-836-4800    Fax: 310-836-4801

Attorneys for Cross-Defendant Craig Cassidy

///

///

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  v.<br><br>SARAH JONES and THE ESTATE OF PATRICK JONES,<br><br>        Defendants.<br><hr>SARAH JONES,<br><br>        Cross-Complainant,<br><br>  v.<br><br>MIDLAND NATIONAL LIFE INSURANCE COMPANY; CRAIG CASSIDY; and DOES 1 through 10,<br><br>        Cross-Defendants. | Case No. 5:18-cv-02108-JGB-KK<br>_____<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**<span style="color:red">NOTE CHANGES MADE BY COURT</span>** |

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties through their respective counsel, subject to the approval of the Court, that pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, the following Protective Order be entered:

**IT IS HEREBY ORDERED THAT:**

**1.    A.  PURPOSES AND LIMITATIONS**

    Subject to the terms set forth below, all information produced by the conveying party shall be used by the parties receiving the information solely for the purposes of preparing for and conducting this lawsuit, and the information shall not be used for any other purpose, subject to any subsequent modification or further order by the Court.

    Discovery in this lawsuit is likely to involve production of confidential, proprietary, private medical, and/or personal identifying information for which

special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. GOOD CAUSE STATEMENT

This Action is likely to involve confidential, proprietary, private medical, and/or personal identifying information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Pursuant to 45 C.F.R. §§ 164.512(e)(1)(i), (e)(1)(ii)(B), and (e)(1)(v), private medical, personal identifying, or financial information exchanged or obtained at any time during this action through formal or informal discovery that is encompassed or claimed to be encompassed within the protections afforded under HIPAA ("HIPAA Material"), including without limitation information produced by the parties to the action or by third parties responding to subpoenas served in the action, shall be treated as Confidential Information. The parties further stipulate that they are prohibited from using or disclosing any such HIPAA Material for any purpose other than for this litigation (unless required by law).

Further, pursuant to the Gramm Leach Bliley Act, and specifically, the judicial process exemption provisions of 15 U.S.C. § 6802(e)(8), the disclosure of documents and information potentially falling within the scope of 15 U.S.C.

§ 6802, by parties to this action or persons and entities served with subpoenas in this action, shall take place without the necessity of compliance with the prior notice provisions of 15 U.S.C. § 6802(a) or (b). All such disclosures shall be considered Confidential Information subject to the terms of this Protective Order.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1 Action: The above-captioned lawsuit entitled *Midland National Life Insurance Co. v. Sarah Jones and the Estate of Patrick Jones*, U.S. District Court for the Central District of California, Case No. 18-cv-02108-JGB-KK.

2.2 Challenging Party: Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.3 "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

/ / /

/ / /

2.5 <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained or named by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>In-House Counsel</u>:  Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of record (and their support staffs).

2.12 <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Materials</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only PROTECTED MATERIALS (as defined above), but also (1) any information copied or extracted from PROTECTED MATERIALS; (2) all copies, excerpts, summaries, or compilations of PROTECTED MATERIALS; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal PROTECTED MATERIALS.

Any use of PROTECTED MATERIALS at trial shall be governed by the orders of the trial judge. This Protective Order does not govern the use of PROTECTED MATERIALS at trial.

**4. DURATION**

Within 60 days of the final termination of this action, each receiving party shall either return all PROTECTED MATERIALS of the Producing Party in its or their possession, custody or control, and copies thereof to counsel for the Producing Party, or shall otherwise delete and/or destroy such PROTECTED MATERIALS, and shall request the deletion and/or destruction of such materials by any consultants or experts who were provided such materials by a Party. Notwithstanding the foregoing, Outside Counsel for the Parties to this Action may retain PROTECTED MATERIALS as called for by the then-current records retention procedures of Outside Counsel's law firm. In such event, Outside Counsel's continued retention of such materials shall not be imputed to the client, and such material shall not be deemed to be property of the client, shall not be made available to the client, and shall not be deemed to be within the possession or control of the client. This Protective Order shall survive the final termination of

this Action, except to the extent that the information in such PROTECTED MATERIALS is or becomes known to the public through no fault of the Receiving Party. Any Producing Party shall have the right to request written certification of compliance with this Protective Order by any Receiving Party. Such written certification shall be provided within ten business days of the receipt of such a written request.

## 5. DESIGNATING PROTECTED MATERIALS

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), each Party or Non-Party conveying Discovery Materials shall mark documents and things produced by it, including answers to interrogatories and responses to other discovery demands deemed to be PROTECTED MATERIALS with an appropriate description such as: "**CONFIDENTIAL**." If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix "CONFIDENTIAL" to each page that contains PROTECTED MATERIALS. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

Any Party may designate a document produced by a Non-Party pursuant to subpoena, order of court, or otherwise as CONFIDENTIAL by sending written notice to all parties herein designating such document as CONFIDENTIAL within 30 days after the document is delivered to the Party making such designation. All documents produced by Non-Parties shall be deemed to have been designated

CONFIDENTIAL for 30 days after the documents have been delivered, whether or not any portion of the document has been so designated previously.

(b) For testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored an appropriate description such as: "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If a Producing Party inadvertently discloses information subject to this Protective Order to someone not authorized to receive such information under this Protective Order, or if a person so authorized breaches any of his or her obligations under this Protective Order, counsel who learns of the unauthorized disclosure or breach shall immediately give notice of such unauthorized disclosure or breach to the other counsel of record, disclose the circumstances of the unauthorized disclosure or breach, and take all actions reasonably necessary to mitigate the harm caused by such unauthorized disclosure or breach. The inadvertent or unintentional disclosure of PROTECTED MATERIALS shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality as to the PROTECTED MATERIALS.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIALS**

7.1    <u>Basic Principles</u>.  A Receiving Party may use PROTECTED MATERIALS that are disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such PROTECTED MATERIALS may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

PROTECTED MATERIALS must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) Counsel of Record in this Action and In-House Counsel and staff for any corporate party;

(b) Outside Experts or consultants (as defined in this Protective Order) retained by Outside Counsel for purposes of this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing persons and entities described in Section 7.2(a) or (b);

(d) The Court and Court personnel;

(e) Any person who was or is employed by the Party who produced the information, document or thing, or any other person for whom the Producing Party consents to such disclosure;

(f) Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(g) The Parties. In the case of Parties that are corporations or other business entities, "party" shall mean employees who are called upon to participate in discussions or decisions concerning this lawsuit or the issues raised in this lawsuit, or who may be called upon to provide advice, analysis, or testimony about the subject matter of the material, including in-house legal personnel and their staff;

(h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(i) To a witness at deposition. If questions put to a witness in a pretrial deposition will disclose information constituting PROTECTED MATERIALS, or the answer to any question requires such disclosure, or if documents to be used as exhibits during the deposition constitute such materials, counsel may notify the witness that such documents or material are PROTECTED MATERIALS subject to this Protective Order, and that the witness is bound by the terms of this Protective Order. Further, if a person other than the witness is present at the deposition who would not otherwise be entitled to review the PROTECTED MATERIALS, that person must leave the deposition during that portion of the

testimony upon request of any of the Parties, and such request must be honored absent an order from the Court to the contrary. If a Party believes there is just cause under applicable law for prohibiting the witness from reviewing the PROTECTED MATERIALS, such objection must be asserted during the deposition, and either resolved by the Parties consensually, or by seeking assistance telephonically from the Court. If the Court is not available to resolve any such objections, the witness shall not be shown the subject materials, unless and until the Court resolves the dispute. In the event such objection is not sustained by the Court, the party asserting such objection may be held responsible for the additional attorneys' fees and expenses of the other parties incurred as a result of requiring a resumption of the deposition at a later date. The foregoing procedures and provisions likewise shall apply to objections to the exclusion from the deposition of persons other than the witness. To the extent deposition transcripts and documents reflect or contain PROTECTED MATERIALS, such shall be available only to the persons entitled to access to PROTECTED MATERIALS under this Protective Order, to the reporter, to the witness, and to representatives of the Producing Party. Deposition testimony and exhibits may be designated as PROTECTED MATERIALS not only during the deposition itself, but also upon written designation served upon all the Parties within 30 days of the date that the court reporter makes the final transcript available to the Parties. The entirety of a deposition and its exhibits shall be treated as PROTECTED MATERIALS during the time period stated above in order to provide a Party the opportunity to designate testimony or documents as confidential.

     7.3    <u>Not Part of the Public Record</u>. PROTECTED MATERIALS or copies of such bearing the "CONFIDENTIAL" denotation shall not be made public by counsel or persons entitled access to PROTECTED MATERIALS under this Protective Order, unless they become a part of the public record of this Action other than through conduct in breach of this Protective Order, and shall not be

disclosed to anyone other than the Judge, jury and court staff involved in this litigation, witnesses at trial or deposition, and the persons entitled access to PROTECTED MATERIALS under this Protective Order. To the extent that it is necessary to file PROTECTED MATERIALS with the Court in connection with proceedings in this action, the filing Party will follow the Federal Rules of Civil Procedure and Local Rules.

      7.4    <u>Use in Motions</u>. PROTECTED MATERIALS may be used in motion papers, or at any motion hearing, and may be offered in evidence at any motion hearing, all subject to this Protective Order, and subject to any further order regarding confidentiality as this Court may enter, and may be used to prepare for discovery, to conduct discovery, and to support or oppose any motion, all subject to the provisions of this Protective Order. PROTECTED MATERIALS may also be used at depositions and may be disclosed to a witness who is not a person otherwise entitled to access to PROTECTED MATERIALS under this Protective Order.

## 8. PROTECTED MATERIALS SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

///

///

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose PROTECTED MATERIALS may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

### 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) Make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its PROTECTED MATERIALS.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS**

If a Producing Party inadvertently discloses information subject to this Protective Order to someone not authorized to receive such information under this Protective Order, or if a person so authorized breaches any of his or her obligations under this Protective Order, counsel who learns of the unauthorized disclosure or breach shall immediately give notice of such unauthorized disclosure or breach to the other counsel of record, disclose the circumstances of the unauthorized disclosure or breach, and take all actions reasonably necessary to mitigate the harm caused by such unauthorized disclosure or breach. The inadvertent or unintentional disclosure of PROTECTED MATERIALS shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality as to the PROTECTED MATERIALS.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIALS**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court. The inadvertent or unintentional disclosure of PROTECTED MATERIALS shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality as to the PROTECTED MATERIALS.

**12. MISCELLANEOUS**

12.1  This Protective Order shall not prevent any of the Parties or any Non-Party from applying to the Court for relief from or a modification of this Protective Order, or from applying to the Court for further or additional protective orders, or from agreeing between themselves in writing, to modification of this Protective Order. This Protective Order shall not preclude the Parties from enforcing their rights against any other Party or any third Party believed to be violating their rights.

12.2  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  A Party that seeks to file under seal any PROTECTED MATERIALS must comply with Civil Local Rule 79-5. PROTECTED MATERIALS may only be filed under seal pursuant to a court order authorizing the sealing of the specific PROTECTED MATERIALS at issue. If a Party's request to file PROTECTED MATERIALS under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4    Making documents and things available for inspection shall not constitute a waiver by the Producing Party of any claim of confidentiality, attorney-client privilege, work-product immunity or any other right.

12.5    The acceptance by a Party of material designated as PROTECTED MATERIALS shall not constitute an admission or concession or permit an inference that such are, in fact, confidential and subject to protections under applicable law. This Protective Order shall not foreclose any of the Parties or other persons with standing from moving this Court for an order declaring that materials designated as PROTECTED MATERIALS are not, in fact, entitled to the protection of this Protective Order. On such motion, the Party asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by the Federal Rules of Civil Procedure and applicable law governing whether, how, and to what extent documents, testimony, and other material are entitled to confidentiality protections.

12.6    Restrictions and obligations set forth in this Protective Order relating to PROTECTED MATERIALS and to DISCOVERY MATERIALS shall not apply to any information which (i) is already public knowledge, (ii) has become public knowledge other than as a result of disclosure by the Receiving Party or as a result of a violation of this Protective Order, (iii) was already known to the Receiving Party under conditions such that its use and/or public disclosure by Receiving Party would not violate some obligation to another, or (iv) has come or shall come into the Receiving Party's legitimate possession independently of the Producing Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate some obligation to another. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of PROTECTED MATERIALS if said person already has or obtains legitimate possession of such materials which would independently prohibit such discussion.

///

## 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all PROTECTED MATERIALS to the Producing Party or destroy such material. As used in this subdivision, "all PROTECTED MATERIALS" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the PROTECTED MATERIALS. Whether the PROTECTED MATERIALS are returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the PROTECTED MATERIALS that were returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the PROTECTED MATERIALS. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain PROTECTED MATERIALS. Any such archival copies that contain or constitute PROTECTED MATERIALS remain subject to this Protective Order as set forth in Section 4 (DURATION).

///
///
///
///
///
///
///
///

**14.    Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.**

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  April 22, 2019        GODFREY & KAHN, S.C.

                              By:  */s/ Andrew S. Oettinger*
                                   Andrew S. Oettinger
                                   (*admitted pro hac vice*)
                                   Nina G. Beck
                                   (*admitted pro hac vice*)

                              BURKE, WILLIAMS & SORENSEN, LLP
                                   Edith Sanchez Shea
                                   State Bar No. 177578

                                   Attorneys for Plaintiff Midland National Life Insurance Company

Dated:  April 22, 2019        SHERNOFF BIDART ECHEVERRIA LLP

                              By:  */s/ Samuel L. Bruchey*
                                   William M. Shernoff
                                   Samuel L. Bruchey

                                   Attorneys for Defendants Sarah Jones and The Estate of Patrick Jones

Dated:  May 9, 2019           WINGET SPADAFORA & SCHWARTZBERG, LLP

                              By:  */s/ Jared M. Ahren*
                                   Timothy W. Fredricks
                                   Jared M. Ahren

                                   Attorneys for Cross-Defendant Craig Cassidy

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: May 13, 2019

_____
Hon. Kenly Kiya Kato
United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Midland National Life Insurance Co. v. Sarah Jones and the Estate of Patrick Jones*, U.S. District Court for the Central District of California, Case No. 18-cv-02108-JGB-KK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature: _____